William C. Baton
Alexander L. Callo
**SAUL EWING LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
wbaton@saul.com

*Attorneys for Plaintiff*
*Supernus Pharmaceuticals, Inc.*

OF COUNSEL:

Edgar H. Haug
Nicholas F. Giove
Andrew Wasson
Kaitlin M. Farrell
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUPERNUS PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MSN PHARMACEUTICALS INC.,<br><br>Defendant. | Civil Action No.: 2:25-cv-13204-MEF-MAH<br><br>(Filed Electronically) |

## ANSWER TO COUNTERCLAIMS

Plaintiff Supernus Pharmaceuticals, Inc. ("Supernus" or "Plaintiff"), by its undersigned attorneys, hereby answers the Counterclaims of Defendant MSN Pharmaceuticals Inc. ("MSN" or "Defendant") dated September 22, 2025. Except as expressly admitted, all allegations are denied.

## NATURE OF THE ACTION

1. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*; and/or 21 U.S.C. § 355(j)(5)(C), based on an actual controversy between the parties to declare that MSN is free to continue to seek approval of its Abbreviated New Drug Application ("ANDA") No. 220551 ("MSN's ANDA"), and upon approval by the U.S. Food and Drug Administration ("FDA"), to engage in commercial manufacture, importation, sale, and/or offer for sale of the products described in MSN's ANDA No. 220551 ("MSN's ANDA Products").

**Answer:** Paragraph 1 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 1.

**THE PARTIES**

2. MSN is a corporation organized and existing under the laws of Delaware, with a place of business at 20 Duke Road, Piscataway, New Jersey 08854.

**Answer:** On information and belief, admitted.

3. Supernus purports to be a corporation organized and existing under the laws of Delaware, having a place of business at 9715 Key West Avenue, Rockville, Maryland 20850.

**Answer:** Supernus admits that it is a corporation organized and existing under the laws of Delaware, having a place of business at 9715 Key West Avenue, Rockville, Maryland 20850. Except as expressly admitted, Supernus denies the allegations of paragraph 3.

4. Supernus purports to be the assignee of U.S. Patent Nos. 9,358,204 ("the '204 patent"); 9,603,853 ("the '853 patent"); 9,662,338 ("the '338 patent"); 11,324,753 ("the '753 patent"); 11,458,143 ("the '143 patent"); and 12,121,523 ("the '523 patent") (collectively, the "patents-in-suit").

**Answer:** Supernus admits that the patents-in-suit were assigned to Supernus and that Supernus owns all rights, title, and interest in the patents-in-suit. Except as expressly admitted, Supernus denies the allegations of paragraph 4.

5. Supernus purports to be the holder of New Drug Application ("NDA") No. 211964 for the marketing and sale of Qelbree® (viloxazine extended-release capsules).

**Answer:** Supernus admits that it is the holder of NDA No. 211964. Except as expressly admitted, Supernus denies the allegations of paragraph 5.

## JURISDICTION AND VENUE

6. These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*; and/or 21 U.S.C. § 355(j)(5)(C).

**Answer:** Paragraph 6 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 6.

7. This Court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1337(a) and 1338(a); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and under 21 U.S.C. § 355(j)(5)(C).

**Answer:** Paragraph 7 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that this Court has subject matter jurisdiction over Defendant's counterclaims under 28 U.S.C. §§ 1331 and 1338(a), denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 7.

8. This Court has personal jurisdiction over Supernus because Supernus has availed itself of the rights and privileges and subjected itself to the jurisdiction of this forum by suing MSN in this District, and/or because Supernus conducts substantial business in, and has regular systemic contact with, this District.

**Answer:** Paragraph 8 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that this Court has personal jurisdiction over Supernus for purposes of this action only, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 8.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 and 21 U.S.C. § 355(j)(5)(C).

**Answer:** Paragraph 9 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that venue is proper to adjudicate this action and, except as expressly admitted, denies the allegations of paragraph 9.

## BACKGROUND

10. On July 11, 2025, Supernus filed a Complaint for Patent Infringement ("Complaint") in this Court alleging that the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's ANDA Products before the expiration of the patents-in-suit would constitute infringement of those patents, either literally or under the doctrine of equivalents. Supernus further alleged that MSN will actively induce infringement of, and/or contribute to infringement by others of the patents-in-suit.

**Answer:** Admitted.

11. By virtue of Supernus's Complaint, an immediate and justiciable controversy exists between MSN, on the one hand, and Supernus, on the other, regarding whether MSN's ANDA Products infringes any valid and enforceable claim of the patents-in-suit and whether MSN's ANDA Products infringes any valid and enforceable claim of the patents-in-suit.

**Answer:** Paragraph 11 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 11.

## PATENTS-IN-SUIT

12. The face of the '204 patent indicates it was issued by the U.S. Patent and Trademark Office ("USPTO") on or about June 7, 2016.

**Answer:** Admitted.

13. The face of the '853 patent indicates it was issued by the USPTO on or about March 28, 2017.

**Answer:** Admitted.

14. The face of the '338 patent indicates it was issued by the USPTO on or about May 30, 2017.

**Answer:** Admitted.

15. The face of the ’753 patent indicates it was issued by the USPTO on or about May 10, 2022.

**Answer:** Admitted.

16. The face of the ’143 patent indicates that it was issued by the USPTO on or about October 4, 2022.

**Answer:** Admitted.

17. The face of the ’523 patent indicates that it was issued by the USPTO on or about October 22, 2024.

**Answer:** Admitted.

18. Supernus purports and claims to have the right to enforce the ’204, ’853, ’338, ’753, ’143, and ’523 patents.

**Answer:** Supernus admits that the patents-in-suit were assigned to Supernus and that Supernus owns all rights, title, and interest in the patents-in-suit. Except as expressly admitted, Supernus denies the allegations of paragraph 18.

19. On information and belief, Supernus caused the FDA to list the ’204, ’853, ’338, ’753, ’143, and ’523 patents in the FDA’s publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* (“Orange Book”) in connection with NDA No. 211964 for Qelbree®.

**Answer:** Supernus admits that the Orange Book lists the patents-in-suit as covering Supernus’s Qelbree®, that the patents-in-suit were submitted to FDA with or after the approval of NDA No. 211964, and that Supernus can reasonably assert infringement against ANDA applicants—such as Defendant—who infringe the patents-in-suit. Except as expressly admitted, Supernus denies the allegations of paragraph 19.

20. By maintaining the listing of the ’204, ’853, ’338, ’753, ’143, and ’523 patents in the Orange Book for NDA No. 211964 for Qelbree®, Supernus has represented that the ’204, ’853, ’338, ’753, ’143, and ’523 patents cover viloxazine extended-release capsules, and that a claim of patent infringement may reasonably be asserted against any ANDA applicant, including MSN, that is not licensed by Supernus and files an ANDA seeking approval to market viloxazine extended-release capsules before the expiration of the ’204, ’853, ’338, ’753, ’143, and ’523 patents.

**Answer:** Supernus admits that the Orange Book lists the patents-in-suit as covering Supernus's Qelbree®, that the patents-in-suit were submitted to FDA with or after the approval of NDA No. 211964, and that Supernus can reasonably assert infringement against ANDA applicants—such as Defendant—who infringe the patents-in-suit. Except as expressly admitted, Supernus denies the allegations of paragraph 20.

**MSN'S ANDA NO. 220551**

21. MSN submitted MSN's ANDA with FDA seeking approval to engage in the commercial marketing of MSN's ANDA Products before the expiration of the patents-in-suit.

**Answer:** On information and belief, admitted.

22. In accordance with the requirements of 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.52(c), MSN sent Supernus a notice letter dated June 5, 2025 ("MSN's Notice Letter"), stating that MSN's ANDA included certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification(s)"), alleging that the '204, '853, '338, '753, '143, and '523 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of MSN's ANDA Products.

**Answer:** Supernus admits, on information and belief, that on or about June 5, 2025, Defendant sent a letter regarding the paragraph IV certification that Defendant submitted in Defendant's ANDA and the patents-in-suit ("the Notice Letter") to Supernus at 9715 Key West Avenue, Rockville, Maryland 20850. Supernus admits that the Notice Letter does not disclose any invalidity contentions or opinions specifically directed to: (i) any claims of the '204 patent; (ii) any claims of the '853 patent; or (iii) any claims of the '338 patent, and that, accordingly, on information and belief, Defendant acknowledges and admits that the '204 patent, the '853 patent, and the '338 patent are not invalid. Supernus admits that the Notice Letter does not disclose any noninfringement contentions or opinions specifically directed to any claims of the '143 patent, and that, accordingly, on information and belief, Defendant acknowledges and admits infringement of the '143 patent. Supernus admits that the Notice Letter does not disclose any

unenforceability contentions for the patents-in-suit. Except as expressly admitted, Supernus denies the allegations of paragraph 22.

23. Pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III), MSN's Notice Letter included an Offer of Confidential Access ("OCA") to MSN's ANDA for the holder of NDA No. 211964 and owner of the '204, '853, '338, '753, '143, and '523 patents.

**Answer:** Supernus admits that (i) the Notice Letter included an OCA to unspecified portions of Defendant's ANDA; (ii) Defendant's OCA contained numerous unreasonable and overly restrictive provisions; (iii) Plaintiff proposed revisions that comport with restrictions that "would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information;" and (iv) Plaintiff and Defendant did not reach agreement on the terms of an OCA. Except as expressly admitted, Supernus denies the allegations of paragraph 23.

24. MSN's OCA to MSN's ANDA complied with the requirements of 21 U.S.C. § 355(j)(5)(C)(i)(III), which states in relevant part that the offer shall be for "confidential access to the application that is in the custody of the applicant under paragraph (2) for the purpose of determining whether an action referred to in subparagraph (B)(iii) should be brought. The document providing the offer of confidential access shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information."

**Answer:** Denied.

25. Supernus did not agree to the terms of MSN's OCA.

**Answer:** Supernus admits that (i) the Notice Letter included an OCA to unspecified portions of Defendant's ANDA; (ii) Defendant's OCA contained numerous unreasonable and overly restrictive provisions; (iii) Plaintiff proposed revisions that comport with restrictions that "would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information;" and (iv) Plaintiff and Defendant did not reach

agreement on the terms of an OCA. Except as expressly admitted, Supernus denies the allegations of paragraph 25.

26. Pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) of the Federal Drug and Cosmetic Act, MSN's Notice Letter included a detailed statement of the factual and legal bases for MSN's Paragraph IV Certifications ("MSN's Detailed Statement").

**Answer:** Supernus admits that the Notice Letter states that "[p]ursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), MSN's detailed statement of the legal and factual bases for the paragraph IV certifications set forth in MSN's ANDA is attached hereto and made part hereof." Supernus admits that the Notice Letter does not disclose any invalidity contentions or opinions specifically directed to: (i) any claims of the '204 patent; (ii) any claims of the '853 patent; or (iii) any claims of the '338 patent, and that, accordingly, on information and belief, Defendant acknowledges and admits that the '204 patent, the '853 patent, and the '338 patent are not invalid. Supernus admits that the Notice Letter does not disclose any noninfringement contentions or opinions specifically directed to any claims of the '143 patent, and that, accordingly, on information and belief, Defendant acknowledges and admits infringement of the '143 patent. Supernus admits that the Notice Letter does not disclose any unenforceability contentions for the patents-in-suit. Except as expressly admitted, Supernus denies the allegations of paragraph 26.

27. Supernus's receipt of MSN's Notice Letter initiated a 45-day statutory period during which Supernus had the opportunity to file an action for patent infringement with respect to MSN's ANDA.

**Answer:** Paragraph 27 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that it brought an action for infringement of the patents-in-suit before the expiration of forty-five (45) days after the date on which Supernus received the Notice Letter, and, except as expressly admitted, denies the allegations of paragraph 27.

28. On July 11, 2025, Supernus filed this infringement action asserting the ’204, ’853, ’338, ’753, ’143, and ’523 patents against MSN.

**Answer:** Admitted.

**FIRST COUNTERCLAIM**
**(DECLARATION OF NON-INFRINGEMENT OF THE ’204 PATENT BY MSN’S ANDA PRODUCTS)**

29. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

30. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, et seq.; and/or 21 U.S.C. § 355(j)(5)(C). By virtue of Supernus’s allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning MSN’s non-infringement of the ’204 patent.

**Answer:** Paragraph 30 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant’s counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 30.

31. MSN seeks a declaration that no valid or enforceable claim of the ’204 patent has been infringed or will be infringed, directly and/or indirectly, by the manufacture, use, importation, sale, or offer for sale of MSN’s ANDA Products.

**Answer:** Paragraph 31 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant’s counterclaims purport to seek a declaration with respect to the infringement and validity of the patents-in-suit, denies that

Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 31.

32. In accordance with 21 U.S.C. § 355(j)(2)(B)(iv)(II), MSN's Detailed Statement provides factual and legal bases for why MSN has not infringed, is not infringing, and will not infringe any valid and enforceable claim, directly, indirectly, literally, or under the doctrine of equivalents, of the '204 patent.

**Answer:** Denied.

33. In MSN's Detailed Statement, MSN expressly reserved the right to assert additional grounds of non-infringement, invalidity, and unenforceability beyond those provided in MSN's Detailed Statement.

**Answer:** Supernus admits that the Notice Letter states that "MSN reserves all rights to raise any additional defenses relating to invalidity, unenforceability, and non-infringement," denies that MSN's reservation of rights is legally valid/permissible, and, except as expressly admitted, denies the allegations of paragraph 33.

34. Because Supernus maintains that the commercial manufacture, use, offer for sale, or sale of MSN's ANDA Products would infringe the '204 patent, a declaration of rights between the parties is appropriate and necessary to establish that the commercial manufacture, use, importation, offer for sale, or sale of MSN's ANDA Products within the United States has not infringed and will not infringe, directly and/or indirectly, the '204 patent.

**Answer:** Denied.

35. MSN is entitled to a declaration that the manufacture, use, importation, offer for sale and/or sale of MSN's ANDA Products has not infringed and will not infringe, directly and/or indirectly, any valid and enforceable claim of the '204 patent.

**Answer:** Denied.

**SECOND COUNTERCLAIM**
**(DECLARATION OF INVALIDITY OF THE '204 PATENT)**

36. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

37. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*; and/or 21 U.S.C. §

355(j)(5)(C) and seeks a declaration that the claims of the ’204 patent are invalid. By virtue of Supernus’s allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning the invalidity of the claims of the ’204 patent.

**Answer:** Paragraph 37 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant’s counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 37.

38. Because Supernus maintains and MSN denies that the ’204 patent and the claims thereof are valid, a declaration of rights between the parties is appropriate and necessary to establish that the ’204 patent and the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including Sections 101, 102, 103, and/or 112, and/or the doctrine of obviousness-type double-patenting and/or any other judicially created requirements for patentability and enforceability of patents.

**Answer:** Denied.

39. MSN is entitled to a declaration that the claims of the ’204 patent are invalid.

**Answer:** Denied.

## THIRD COUNTERCLAIM
## (DECLARATION OF NON-INFRINGEMENT OF THE ’853 PATENT BY MSN’S ANDA PRODUCTS)

40. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

41. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, et seq.; and/or 21 U.S.C. § 355(j)(5)(C). By virtue of Supernus’s allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient

immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning MSN's non-infringement of the '853 patent.

**Answer:** Paragraph 41 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 41.

42. MSN seeks a declaration that no valid or enforceable claim of the '853 patent has been infringed or will be infringed, directly and/or indirectly, by the manufacture, use, importation, sale, or offer for sale of MSN's ANDA Products.

**Answer:** Paragraph 42 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to seek a declaration with respect to the infringement and validity of the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 42.

43. In accordance with 21 U.S.C. § 355(j)(2)(B)(iv)(II), MSN's Detailed Statement provides factual and legal bases for why MSN has not infringed, is not infringing, and will not infringe any valid and enforceable claim, directly, indirectly, literally, or under the doctrine of equivalents, of the '853 patent.

**Answer:** Denied.

44. In MSN's Detailed Statement, MSN expressly reserved the right to assert additional grounds of non-infringement, invalidity, and unenforceability beyond those provided in MSN's Detailed Statement.

**Answer:** Supernus admits that the Notice Letter states that "MSN reserves all rights to raise any additional defenses relating to invalidity, unenforceability, and non-infringement,"

denies that MSN's reservation of rights is legally valid/permissible, and, except as expressly admitted, denies the allegations of paragraph 44.

45. Because Supernus maintains that the commercial manufacture, use, offer for sale, or sale of MSN's ANDA Products would infringe the '853 patent, a declaration of rights between the parties is appropriate and necessary to establish that the commercial manufacture, use, importation, offer for sale, or sale of MSN's ANDA Products within the United States has not infringed and will not infringe, directly and/or indirectly, the '853 patent.

**Answer:** Denied.

46. MSN is entitled to a declaration that the manufacture, use, importation, offer for sale and/or sale MSN's ANDA Products has not infringed and will not infringe, directly and/or indirectly, any valid and enforceable claim of the '853 patent.

**Answer:** Denied.

**FOURTH COUNTERCLAIM**
**(DECLARATION OF INVALIDITY OF THE '853 PATENT)**

47. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

48. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, et seq.; and/or 21 U.S.C. § 355(j)(5)(C) and seeks a declaration that the claims of the '853 patent are invalid. By virtue of Supernus's allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning the invalidity of the claims of the '853 patent.

**Answer:** Paragraph 48 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 48.

49. Because Supernus maintains and MSN denies that the ’853 patent and the claims thereof are valid, a declaration of rights between the parties is appropriate and necessary to establish that the ’853 patent and the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including Sections 101, 102, 103, and/or 112, and/or the doctrine of obviousness-type double-patenting and/or any other judicially created requirements for patentability and enforceability of patents.

**Answer:** Denied.

50. MSN is entitled to a declaration that the claims of the ’853 patent are invalid.

**Answer:** Denied.

## FIFTH COUNTERCLAIM
## (DECLARATION OF NON-INFRINGEMENT OF THE ’338 PATENT BY MSN’S ANDA PRODUCTS)

51. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

52. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, et seq.; and/or 21 U.S.C. § 355(j)(5)(C). By virtue of Supernus’s allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning MSN’s non-infringement of the ’338 patent.

**Answer:** Paragraph 52 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant’s counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 52.

53. MSN seeks a declaration that no valid or enforceable claim of the ’338 patent has been infringed or will be infringed, directly and/or indirectly, by the manufacture, use, importation, sale, or offer for sale of MSN’s ANDA Products.

**Answer:** Paragraph 53 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to seek a declaration with respect to the infringement and validity of the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 53.

54. In accordance with 21 U.S.C. § 355(j)(2)(B)(iv)(II), MSN's Detailed Statement provides factual and legal bases for why MSN has not infringed, is not infringing, and will not infringe any valid and enforceable claim, directly, indirectly, literally, or under the doctrine of equivalents, of the '338 patent.

**Answer:** Denied.

55. In MSN's Detailed Statement, MSN expressly reserved the right to assert additional grounds of non-infringement, invalidity, and unenforceability beyond those provided in MSN's Detailed Statement.

**Answer:** Supernus admits that the Notice Letter states that "MSN reserves all rights to raise any additional defenses relating to invalidity, unenforceability, and non-infringement," denies that MSN's reservation of rights is legally valid/permissible, and, except as expressly admitted, denies the allegations of paragraph 55.

56. Because Supernus maintains that the commercial manufacture, use, offer for sale, or sale of MSN's ANDA Products would infringe the '338 patent, a declaration of rights between the parties is appropriate and necessary to establish that the commercial manufacture, use, importation, offer for sale, or sale of MSN's ANDA Products within the United States has not infringed and will not infringe, directly and/or indirectly, the '338 patent.

**Answer:** Denied.

57. MSN is entitled to a declaration that the manufacture, use, importation, offer for sale and/or sale of MSN's ANDA Products has not infringed and will not infringe, directly and/or indirectly, any valid and enforceable claim of the '338 patent.

**Answer:** Denied.

## SIXTH COUNTERCLAIM
## (DECLARATION OF INVALIDITY OF THE '338 PATENT)

58. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

59. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, et seq.; and/or 21 U.S.C. § 355(j)(5)(C) and seeks a declaration that the claims of the '338 patent are invalid. By virtue of Supernus's allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning the invalidity of the claims of the '338 patent.

**Answer:** Paragraph 59 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 59.

60. Because Supernus maintains and MSN denies that the '338 patent and the claims thereof are valid, a declaration of rights between the parties is appropriate and necessary to establish that the '338 patent and the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including Sections 101, 102, 103, and/or 112, and/or the doctrine of obviousness-type double-patenting and/or any other judicially created requirements for patentability and enforceability of patents.

**Answer:** Denied.

61. MSN is entitled to a declaration that the claims of the '338 patent are invalid.

**Answer:** Denied.

**SEVENTH COUNTERCLAIM**
**(DECLARATION OF NON-INFRINGEMENT OF THE '753 PATENT BY MSN'S ANDA PRODUCTS)**

62. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

63. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*; and/or 21 U.S.C. § 355(j)(5)(C). By virtue of Supernus's allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning MSN's non-infringement of the '753 patent.

**Answer:** Paragraph 63 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 63.

64. MSN seeks a declaration that no valid or enforceable claim of the '753 patent has been infringed or will be infringed, directly and/or indirectly, by the manufacture, use, importation, sale, or offer for sale of MSN's ANDA Products.

**Answer:** Paragraph 64 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to seek a declaration with respect to the infringement and validity of the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 64.

65. Because Supernus maintains that the commercial manufacture, use, offer for sale, or sale of MSN's ANDA Products would infringe the '753 patent, a declaration of rights between the parties is appropriate and necessary to establish that the commercial manufacture, use,

importation, offer for sale, or sale of MSN's ANDA Products within the United States has not infringed and will not infringe, directly and/or indirectly, the '753 patent.

**Answer:** Denied.

66. MSN is entitled to a declaration that the manufacture, use, importation, offer for sale and/or sale of MSN's ANDA Products has not infringed and will not infringe, directly and/or indirectly, any valid and enforceable claim of the '753 patent.

**Answer:** Denied.

**EIGHTH COUNTERCLAIM**
**(DECLARATION OF INVALIDITY OF THE '753 PATENT)**

67. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

68. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, et seq.; and/or 21 U.S.C. § 355(j)(5)(C) and seeks a declaration that the claims of the '753 patent are invalid. By virtue of Supernus's allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning the invalidity of the claims of the '753 patent.

**Answer:** Paragraph 68 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 68.

69. Because Supernus maintains and MSN denies that the '753 patent and the claims thereof are valid, a declaration of rights between the parties is appropriate and necessary to establish that the '753 patent and the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including Sections 101, 102, 103, and/or 112, and/or the doctrine of obviousness-type double-patenting and/or any other judicially created requirements for patentability and enforceability of patents.

**Answer:** Denied.

70. MSN is entitled to a declaration that the claims of the ’753 patent are invalid.

**Answer:** Denied.

**NINTH COUNTERCLAIM**
**(DECLARATION OF NON-INFRINGEMENT OF THE ’143 PATENT BY MSN’S ANDA PRODUCTS)**

71. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

72. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, et seq.; and/or 21 U.S.C. § 355(j)(5)(C). By virtue of Supernus’s allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning MSN’s non-infringement of the ’143 patent.

**Answer:** Paragraph 72 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant’s counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 72.

73. MSN seeks a declaration that no valid or enforceable claim of the ’143 patent has been infringed or will be infringed, directly and/or indirectly, by the manufacture, use, importation, sale, or offer for sale of MSN’s ANDA Products.

**Answer:** Paragraph 73 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant’s counterclaims purport to seek a declaration with respect to the infringement and validity of the patents-in-suit, denies that

Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 73.

74. Because Supernus maintains that the commercial manufacture, use, offer for sale, or sale of MSN's ANDA Products would infringe the '143 patent, a declaration of rights between the parties is appropriate and necessary to establish that the commercial manufacture, use, importation, offer for sale, or sale of MSN's ANDA Products within the United States has not infringed and will not infringe, directly and/or indirectly, the '143 patent.

**Answer:** Denied.

75. MSN is entitled to a declaration that the manufacture, use, importation, offer for sale and/or sale of MSN's ANDA Products has not infringed and will not infringe, directly and/or indirectly, any valid and enforceable claim of the '143 patent.

**Answer:** Denied.

**TENTH COUNTERCLAIM**
**(DECLARATION OF INVALIDITY OF THE '143 PATENT)**

76. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

77. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, et seq.; and/or 21 U.S.C. § 355(j)(5)(C) and seeks a declaration that the claims of the '143 patent are invalid. By virtue of Supernus's allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning the invalidity of the claims of the '143 patent.

**Answer:** Paragraph 77 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 77.

78. Because Supernus maintains and MSN denies that the '143 patent and the claims thereof are valid, a declaration of rights between the parties is appropriate and necessary to establish that the '143 patent and the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including Sections 101, 102, 103, and/or 112, and/or the doctrine of obviousness-type double-patenting and/or any other judicially created requirements for patentability and enforceability of patents. MSN is entitled to a declaration that the claims of the '143 patent are invalid.

**Answer:** Denied.

**ELEVENTH COUNTERCLAIM**
**(DECLARATION OF NON-INFRINGEMENT OF THE '523 PATENT BY MSN'S ANDA PRODUCTS)**

79. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

80. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, et seq.; and/or 21 U.S.C. § 355(j)(5)(C). By virtue of Supernus's allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning MSN's non-infringement of the '523 patent.

**Answer:** Paragraph 80 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 80.

81. MSN seeks a declaration that no valid or enforceable claim of the '523 patent has been infringed or will be infringed, directly and/or indirectly, by the manufacture, use, importation, sale, or offer for sale of MSN's ANDA Products.

**Answer:** Paragraph 81 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to

seek a declaration with respect to the infringement and validity of the patents-in-suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 81.

82. Because Supernus maintains that the commercial manufacture, use, offer for sale, or sale of MSN's ANDA Products would infringe the '523 patent, a declaration of rights between the parties is appropriate and necessary to establish that the commercial manufacture, use, importation, offer for sale, or sale of MSN's ANDA Products within the United States has not infringed and will not infringe, directly and/or indirectly, the '523 patent.

**Answer:** Denied.

83. MSN is entitled to a declaration that the manufacture, use, importation, offer for sale and/or sale of MSN's ANDA Products has not infringed and will not infringe, directly and/or indirectly, any valid and enforceable claim of the '523 patent.

**Answer:** Denied.

**TWELFTH COUNTERCLAIM**
**(DECLARATION OF INVALIDITY OF THE '523 PATENT)**

84. MSN realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**Answer:** Supernus incorporates its answers to the preceding paragraphs.

85. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*; and/or 21 U.S.C. § 355(j)(5)(C) and seeks a declaration that the claims of the '523 patent are invalid. By virtue of Supernus's allegations of infringement against MSN, a case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Supernus and MSN concerning the invalidity of the claims of the '523 patent.

**Answer:** Paragraph 85 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and/or 21 U.S.C. § 355(j)(5)(C), admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-

suit, denies that Defendant is entitled to any of the relief that it seeks, and, except as expressly admitted, denies the allegations of paragraph 85.

86. Because Supernus maintains and MSN denies that the ’523 patent and the claims thereof are valid, a declaration of rights between the parties is appropriate and necessary to establish that the ’523 patent and the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including Sections 101, 102, 103, and/or 112, and/or the doctrine of obviousness-type double-patenting and/or any other judicially created requirements for patentability and enforceability of patents.

**Answer:** Denied.

87. MSN is entitled to a declaration that the claims of the ’523 patent are invalid.

**Answer:** Denied.

## PRAYER FOR RELIEF

Supernus denies that Defendant is entitled to any relief on its Counterclaims, either as set forth in its pleading or otherwise.

## SUPERNUS'S AFFIRMATIVE DEFENSE

Without prejudice to the denials set forth in this Answer and to the right to amend this Answer to seek and allege any and all defenses not presently known or that are revealed during discovery in this action or otherwise, Supernus asserts the following affirmative defense in response to Defendant's counterclaims:

### Failure to State a Claim

Defendant's counterclaims fail to state any claim for which relief may be granted.

Dated: October 28, 2025

By: s/ William C. Baton
William C. Baton
Alexander L. Callo
**SAUL EWING LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
wbaton@saul.com

*Attorneys for Plaintiff*
*Supernus Pharmaceuticals, Inc.*

OF COUNSEL:

Edgar H. Haug
Nicholas F. Giove
Andrew S. Wasson
Kaitlin M. Farrell
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151